```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**FREDRICK MOORE, #R4463**                                              **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.4:05cv4TSL-AGN**

**JOSEPS MOULDS, ROBERT BAYSINGER,**
**ROBERT W. BAILEY and CRAIG CONWAY**                                   **DEFENDANTS**

                         <u>**OPINION and ORDER**</u>

On January 5, 2005, the plaintiff filed a complaint [1-1] pursuant to 42 U.S.C. § 1983 and requested <u>in forma pauperis</u> status. On January 7, 2005, this court entered two orders in this action.  One order advised the plaintiff about the Prison Litigation Reform Act and directed the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The second order entered on January 7, 2005, directed the plaintiff to file a completed application to proceed <u>in forma pauperis</u>, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or to file an affidavit specifically stating the name of the prison official contacted concerning the certificate and why this information is not provided to this court. The plaintiff was warned in both of these orders that if he failed to comply with the orders in a timely manner this case might be dismissed.  Although more than

thirty days passed, the plaintiff failed to comply with both orders.

On February 14, 2005, the court was in receipt of a letter-motion to stay this cause, in which the plaintiff stated that he had received the court's orders of January 7, 2005, and that he was requesting that the court put his case on hold pending the resolution of his pending criminal proceedings. On February 16, 2005, this court entered an order denying the plaintiff's letter-motion and directed the plaintiff to comply with the January 7, 2005, orders of this court within fifteen days. The court's order of February 16, 2005, further advised the plaintiff that he could dismiss this cause without prejudice to him by filing a Notice of Voluntary Dismissal (Form PSP-4), and that plaintiff could file a new civil action after the conclusion of his criminal proceedings. Although more than fifteen days passed from the date of the entry of that order, the plaintiff failed to comply.

On April 4, 2005, this court entered another order directing the plaintiff to show cause in writing, within fifteen days, as to why this case should not be dismissed for his failure to comply with this court's January 7, 2005, orders. The plaintiff was warned in the April 4, 2005, order that if he did not comply with the order his case would be dismissed without prejudice and without further notice to him.  On April 21, 2005, the plaintiff filed a response to the court's order to show cause, in which the

plaintiff stated, in sum, that he was waiting to complete his pending post-conviction relief and that he did not want to dismiss this lawsuit. However, the plaintiff still failed to comply with the court's orders directing him to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), or a Notice of Voluntary Dismissal (Form PSP-4), and to likewise file a completed application to proceed in forma pauperis or to pay the filing fee.

    Having reviewed the pleadings in this cause, the court finds that the plaintiff has failed to comply with four court orders. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

    Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this

action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the  23rd   day of April, 2005.


                              /s/Tom S. Lee
                              UNITED STATES DISTRICT JUDGE